# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20756

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEZMOND LACRAIG EDWARDS,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-10-2

Before ELROD, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Appellant Dezmond Edwards challenges his conviction under the Hobbs Act, 18 U.S.C. § 1951, for conspiracy to interfere with commerce by robbery and interference with commerce by robbery. He alleges that various errors deprived him of his right to a fair trial.

Edwards first argues on appeal that circumstances surrounding the trial testimony of lead case agent John Chiue—specifically, testimony regarding the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

meaning and significance of call records taken from Edwards's cell phone—violated Edwards's right to exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).[1] At trial, the government proffered Agent Chiue to testify about these records even though he did not fully understand them. As a result, aspects of his testimony were incorrect. After the defense highlighted this during cross-examination, Agent Chiue conferred with another government employee and learned of his errors. He took no action to amend his testimony and later made a statement—which he characterized as a joke—that led defense counsel to believe he had withheld evidence on the stand. Although no evidence was actually suppressed, and thus there was no *Brady* error, we echo the district court in "not condon[ing] Agent Chiue's conduct" and note that the government could have avoided this situation if it had introduced the call records through a witness who could competently interpret them.

Edwards next argues that the district court erred in excluding a previously non-disclosed expert who would have testified about the meaning of the aforementioned cell phone records. This exclusion, Edwards contends, deprived him of his right to present a complete defense. Such a challenge "is meritorious when two factors are present: the excluded evidence is indispensable to the theory of defense; and the district court fails to provide a rational justification for its exclusion." *United States v. Kuhrt*, 788 F.3d 403, 421 (5th Cir. 2015) (quoting *United States v. McGinnis*, 201 F. App'x 246, 252 (5th Cir. 2006)). Even assuming *arguendo* that Edwards could have established these factors, any error was harmless given both the ample evidence supporting his guilt and defense counsel's effective cross-examination

---

[1] The government characterizes Edwards's argument here as a *Napue* claim, and Edwards argued it as such before the district court. But even if this *Napue* claim was preserved on appeal, it also fails. Agent Chiue did not present testimony known to be false—an essential ingredient of a *Napue* claim. *See, e.g.*, *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997).

No. 16-20756

of Agent Chiue.  *See United States v. Velasquez*, 881 F.3d 314, 344 (5th Cir. 2018) (quoting *United States v. Moreno*, 185 F.3d 465, 474 (5th Cir. 1999) (explaining that a constitutional error is harmless where "we can determine beyond a reasonable doubt that the [error] did not contribute to the jury's verdict").

Edwards claims (and the government concedes) that the district court erred by not allowing a character witness, Gregory Godfrey, to offer opinion testimony regarding Edwards's truthfulness.  This error was harmless, however, since the jury heard testimony from two witnesses regarding Edwards's reputation for truthfulness in the community.

Edwards argues the district court erred in denying three requested jury instructions regarding affirmative defenses—public-authority, entrapment-by-estoppel, and withdrawal from conspiracy.  We review for abuse of discretion, bearing in mind that "[t]here is no abuse of discretion 'where the instructions actually given fairly and adequately cover the issues presented by the case.'"  *United States v. Dailey*, 868 F.3d 322, 331 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 715 (2018) (quoting *United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005)).  On the facts of this case, none of these defenses were available to Edwards.  Edwards's conviction was predicated on conduct that occurred *prior to* any cooperation with the government, rendering the public-authority and entrapment-by-estoppel defenses inapplicable, and Edwards's own theory of the case was that no conspiracy existed from which he might have theoretically withdrawn.  Accordingly, the district court did not err by denying the requested instructions.

Finally, Edwards contends that the cumulative effect of these alleged errors deprived him of a fair trial. We disagree.  Reversal for cumulative error is only warranted "in the unusual case in which synergistic or repetitive error violates the defendant's constitutional right to a fair trial." *United States v.*

No. 16-20756

*Delgado*, 672 F.3d 320, 344 (5th Cir. 2012) (en banc).  A single harmless error does not reach this threshold, since "there is nothing to accumulate." *Id.*

AFFIRMED.